**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Bank of New York, As Trustee For The Certificateholdersof CWABS Series 02-BC3,** | ) ) ) | **CASE NO. 1:06 CV 937** |
| Plaintiff, | ) ) | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | ) ) | |
| **Samuel Naylor, et al.,** | ) ) | **Memorandum of Opinion and Order** |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion for Summary Judgment against defendant, Samuel Naylor. (Doc. 21). For the following reasons, the motion is unopposed and GRANTED.

### Facts

Plaintiff is the holder and owner of a promissory note (the Note) executed by Samuel Nayor and mortgage, executed and delivered by Naylor to secure amounts due on the Note. The mortgage conveys property known as 954 Whitby Road, Cleveland Heights, Ohio, 44112, parcel number 68107065. Naylor, as mortgagor, has not made the payments as required by the terms

1

and conditions of the Note and mortgage.  The Note and mortgage are in default.  As a result, pursuant to the terms and conditions of the Note and mortgage, the balance due and owing has been accelerated.  The unpaid principal balance on the Note is $95,939.47 plus interest at the rate of 7.99% per annum from October 30, 2005, plus court costs, late charges, any amounts advanced for real estate taxes, hazard insurance premiums, property protection and interest on such advances pursuant to the Note and mortgage.  (aff. of Debra Lyman)

### **Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial.  If he

> does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

In the event that a party does not respond to a Motion for Summary Judgment, Federal Rule of Civil Procedure 56(e) provides that summary judgment shall be entered "if appropriate."

**Discussion**

"Under Ohio law, once a default in payment has occurred under the terms of a note, and once the note has been accelerated, the holder of the note is entitled to judgment." *Gaul v. Olympia Fitness Center, Inc.*, 88 Ohio App.3d 310, 315 (1993) (citations omitted).  Based on the unopposed facts, set forth above, plaintiff is entitled to judgment.  Nor has defendant disputed

the amount of damages. Accordingly, summary judgment is appropriate in plaintiff's favor in the amount of $95,939.47, plus interest at the rate of 7.99% per annum from October 30, 2005, plus costs and expenses incurred by plaintiff to enforce its rights under the Note and mortgage.

**Conclusion**

For the foregoing reasons, plaintiff's Motion for Summary Judgment is unopposed and granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/6/06